**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1247

JING KAI JIANG,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A96-289-968)

Submitted: October 21, 2005      Decided: November 14, 2005

Before MICHAEL, GREGORY, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Farah Loftus, LAW OFFICE OF FARAH LOFTUS, Los Angeles, California, for Petitioner. Anna Mills Wagoner, United States Attorney, John W. Stone, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jing Kai Jiang, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals (Board) affirming the immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture.[*] The Board affirmed the ruling of the immigration judge, finding no error in her decision that Jiang did not meet his burden of proving his eligibility for relief. Jiang contends on appeal that his evidence was, in fact, sufficient.

To obtain reversal of a determination denying eligibility for asylum, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Jiang fails to show that the evidence compels a contrary result.

Nor can Jiang show that he was entitled to withholding of removal under 8 U.S.C. § 1231(b)(3) (2000). "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who

---

[*]Jiang does not challenge the denial of protection under the Convention Against Torture. Therefore, this claim is waived. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)."  Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004).

We deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED